UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WHITTAKER,<br><br>Plaintiff,<br><br>v.<br><br>REVERSE MORTGAGE SOLUTIONS, et al.,<br><br>Defendants. | No. 2:16-cv-01117-KJM-AC<br><br><br>ORDER |

Plaintiff filed a complaint on May 25, 2016, and the case was set for a pretrial scheduling conference on September 29, 2016. The court twice vacated and reset the conference because the parties did not file the required joint status report. Then on December 1, 2016, the court ordered plaintiff to show cause, within fourteen days, why the case should not be dismissed for failure to prosecute. Order, ECF No. 6. More than six months later, plaintiff still has not responded to the court's order or otherwise taken action in this case. Defendants also have yet to appear. As explained below, the court *sua sponte* dismisses this case.

A district court may dismiss an action on its own motion if a plaintiff abandons the case or disobeys a court order. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), *as amended* (May 22, 1992). Because dismissal is a harsh sanction, the court must weigh five factors including: "(1) the

1

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (internal citation and quotation marks omitted). These considerations present a district court with a way "to think about what to do." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation and quotation marks omitted). The decision is one of discretion. *See id.*

Here, these five factors, taken together, favor dismissal. First, dismissal appears to be the only feasible means of expeditiously resolving this litigation, as plaintiff has shown no initiative in litigating this case to a resolution. Second, the court's need to manage its docket favors dismissal: The matter has been moldering on this court's docket for over a year, without any progress. Third, the risk of prejudice to the defendants favors dismissal: Defendants are inherently prejudiced when a plaintiff inexcusably prolongs litigation. Fourth, while the public policy favoring disposition of cases on their merits always weighs against dismissal, evaluation of the fifth factor leads the court to conclude no less drastic solution is available at this point, after the court has twice rescheduled the status conference and then issued an order to show cause, without any beneficial effect. Accordingly, dismissal is appropriate in this case.

This action is DISMISSED without prejudice.

The Clerk's Office is instructed to CLOSE the case.

IT IS SO ORDERED.

DATED: June 30, 2017.

_____
UNITED STATES DISTRICT JUDGE